IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2008

Charles R. Fulbruge III
Clerk

No. 08-60372
Summary Calendar

BERTHA M. GARRETT-WOODBERRY,

Plaintiff-Appellant,

v.

MISSISSIPPI BOARD OF PHARMACY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-cv-00004

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Bertha M. Garrett-Woodberry appeals the district court's grant of summary judgment in favor of Appellee Mississippi Board of Pharmacy. The court held that the Board did not employ enough workers to satisfy the statutory minimum for "employer" status under Title VII. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Appellant Woodberry began her nine-year period of employment with the Mississippi Board of Pharmacy (the "Board") in 1999 as an administrative assistant and was promoted to her current position as an enforcement agent in 2004. In September 2006, the Board issued a directive assigning Woodberry to the licensing division of the Board. Woodberry filed suit against the Board on November 29, 2006, in Mississippi state court, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, sex discrimination under Title VII, and various state law claims. The Board removed the case to the federal district court. After the close of the discovery period, the Board moved for summary judgment on all counts. Woodberry conceded all of her claims except those based on Title VII and the state whistleblower statute. On March 27, 2008, the trial court issued its opinion and order granting the Board's motion and dismissing Woodberry's claims based upon Title VII with prejudice. Woodberry appeals the court's dismissal of her Title VII claims.

II.

A grant of summary judgment is reviewed de novo. Celestine v. Petroleos De Venezuella SA, 266 F.3d 343, 349 (5th Cir. 2001). The party seeking summary judgment is required to demonstrate that there is an absence of evidence to support the nonmoving party's case. Id. (citing Celotex v. Catrett, 477 U.S. 317, 325 (1986)). To survive a proper motion for summary judgment, the nonmovant must "bring forward sufficient evidence to demonstrate that a genuine issue of material fact exists for every element of a claim." Celestine, 266 F.3d at 349. For summary judgment purposes, all evidence produced by the nonmovant is taken as true and all inferences are drawn in the nonmovant's favor. Id.

Title VII prohibits discrimination by an "employer" based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year." 42 U.S.C. § 2000e(b). There is no dispute that the Board, standing alone, lacks a sufficient number of employees to constitute a statutory "employer" under Title VII. Nor is there any dispute that the Board was established by statute as a state agency. The sole question is whether the court should aggregate the Board's employees with those of other state agencies. Appellant contends that the district court erred in holding that the Board should not be aggregated with other state agencies under the "single employer test."

In Trevino v. Celanese Corp., this Circuit iterated a "single employer" test to determine when two private entities should be aggregated for the purposes of determining whether they constitute an employer under Title VII. 701 F.2d 397 (5th Cir. 1983). The four-part Trevino test involves consideration of (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. 701 F .2d at 404. The second factor of this inquiry is deemed the most important. Id. The Trevino court noted that we have declined to apply this "single employer" test to governmental subdivisions because it was developed for application to private entities. Trevino, 701 F .2d at 404 n.10; see also Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 344 (5th Cir. 2007) (noting that aggregation is not applicable to governmental subdivisions in the context of Title VII); Karagounis v. Univ. of Tex. Health Sci. Ctr. at San Antonio, 1999 WL 25015, *2 (5th Cir. Jan. 5, 1999) (refusing to aggregate the employees of a governmental subdivision in the context of Title VII); Dumas v. Town of Mount Vernon, Al., 612 F .2d 974, 980 n.9 (5th Cir. 1980) (declining to apply the test with regard to the employees

of a town, state, and county). Thus, it seems clear that the "single employer" test should not be applied here, as the Board is a state agency and is thus a governmental subdivision.

Moreover, even if we were to apply the "single employer" test in this instance, the district court correctly held that Woodberry did not provide any evidence sufficient to support aggregation under the test. Woodberry seeks to aggregate all of the state agencies of the State of Mississippi as one single employer, but put forth no evidence that the State made any decision or took any action regarding her employment. Woodberry failed to provide evidence in opposition to the Board's motion that supported the most crucial factor of the "single employer" test—that the State and the Board shared centralized control of labor relations.[1] In addition, as noted by the district court, the record evidence demonstrates that the Board makes autonomous decisions concerning its employees, including hiring, transfers, promotions, discipline, and discharges.

Accordingly, we find that the district court properly determined that the Board did not satisfy the statutory definition of "employer" under Title VII. The judgment of the district court is AFFIRMED.

---

[1] Appellant submitted new evidence in her brief. Because "our review is confined to an examination of materials before the lower court at the time the ruling was made," this evidence was not considered. Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1307 (5th. Cir. 1988).